UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-civ-60999-COOKE/TORRES

RICARDO BASORA,

      Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Ricardo Basora ("Plaintiff") initiated this action against Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"). Defendant filed a Motion to Dismiss Complaint (ECF No. 7), arguing that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed his Response to Defendant's Motion to Dismiss (ECF No. 11), to which Defendant filed its Reply in Support of Motion to Dismiss Complaint (ECF No. 27). After reviewing Defendant's Motion to Dismiss, the Response and Reply thereto, the record, and relevant legal authorities, Defendant's Motion to Dismiss Complaint is granted.

## I.  BACKGROUND

Plaintiff alleges that Chase violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq* ("RESPA") and its implementing regulations, 12 C.F.R §1024 ("Regulation X"). *See generally*, Compl., ECF No. 1-1. On January 22, 2016, Plaintiff, through counsel, sent a Qualified Written Request ("QWR") containing both a Notice of Error and Request for Information to Chase. *Id.* at ¶ 7. However, Chase failed to acknowledge receipt of Plaintiff's QWR. *Id.* Plaintiff, through counsel, then sent a second QWR to Chase on March 18, 2016. *Id.* at ¶ 12. Chase again failed to respond. *Id.* Thus, Plaintiff alleges that Chase violated its obligations under RESPA by continually failing to respond to Plaintiff's correspondence. *Id.* at ¶ 13.

In response, Chase argues that this case must be dismissed for failure to state a claim because Plaintiff failed to send his QWRs to the specific address Chase designated to receive

such requests.  *See* ECF No. 7.  Chase designated P.O. Box 183166, Columbus, OH 43218-3166 as the address to which borrowers must send any QWRs.  Chase published this address on its website.  However, Plaintiff sent his QWRs to a different address, P.O. Box 24696, Columbus, OH 43224-0696.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.   DISCUSSION

"A plaintiff states a cause of action under RESPA if the plaintiff alleges that he or she sent a 'qualified written request' to a mortgage servicer and the mortgage servicer failed to take proper action in response to the request as specified under the Act."  *Rodriguez v. Seterus, Inc.*, 2015 WL 5677182, at *5 (S.D. Fla. Sept. 28, 2015); *see* 12 U.S.C. § 2605(e). Two regulatory provisions, 12 C.F.R. §§ 1024.35(c) and 1024.36(b), specifically govern QWRs.  "Section 1024.35(c) governs QWRs by borrowers seeking to assert errors with their mortgage and § 1024.36(b) governs QWRs by borrowers seeking information on their

mortgage." *Best v. Ocwen Loan Servicing, LLC,* 2016 WL 125875, at *2 (E.D. Mich. 2016). More specifically, section 1024.35(c) provides:

> A servicer may, by written notice provided to a borrower, establish an address that a borrower must use to submit a notice of error in accordance with the procedures in this section. The notice shall include a statement that the borrower must use the established address to assert an error. If a servicer designates a specific address for receiving notices of error, the servicer shall designate the same address for receiving information requests pursuant to § 1024.36(b).

12 C.F.R. § 1024.35(c).

The abovementioned regulations set out strict guidelines that borrowers must adhere to. "If a servicer establishes a QWR mailing address and provides it to a borrower by written notice, 'a borrower must use' the designated address to submit a QWR." *Best,* 2016 WL 125875, at *2. Consequently, "[f]ailure to send the QWR to the designated address 'for receipt and handling of [QWRs]' does not trigger the servicer's duties under RESPA." *Id.* (quoting *Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141, 1149 (10th Cir. 2013) (applying a prior version of Regulation X promulgated by the Department of Housing and Urban Development ("HUD")).

Plaintiff first argues that Chase relied upon an outdated version of Regulation X, promulgated by HUD and codified as 24 C.F.R. § 3500, in support of its argument that's its response obligations were never triggered since Plaintiff sent his QWRs to the incorrect address. Originally, the task of promulgating RESPA regulations fell to HUD. Under 24 C.F.R. § 3500.21(e)(1), a loan servicer, "[b]y notice either included in the Notice of Transfer or separately delivered by first class mail," was allowed to "establish a separate and exclusive office and address for the receipt and handling of qualified written requests." 24 C.F.R. § 3500.21(e)(1). In June 2014, administration of RESPA regulations, including the regulation allowing a "separate and exclusive office and address," was transferred from HUD to the Consumer Financial Protection Bureau ("CFPB") following the passage of Dodd-Frank. 79 Fed. Reg. 115,34224 (June 16, 2014). The successor to 24 C.F.R. § 3500.21(e)(1) is 12 C.F.R. § 1024.35(c), which now provides that "[a] servicer may, by written notice provided to a borrower, establish an address that a borrower must use to submit a notice of error." 12 C.F.R. § 1024.35(c).

The regulations promulgated by the CFPB changed what was once a permissive requirement to one that was mandatory; if a loan servicer designated an address to receive QWRs, then a borrower "must use" that address and no others.  Therefore, any arguments Plaintiff has with regard to Chase's reliance on the outdated HUD-issued regulation are flawed because, if anything, the mandatory language Chase relies upon in asserting that Plaintiff's Complaint must be dismissed is found in the updated CFPB regulation and not the HUD regulation.  Additionally, courts have analyzed the updated regulation, 12 C.F.R. § 1024, in the same manner as the previous HUD version, 24 C.F.R. § 3500.  As such, recent decisions interpreting RESPA have continued to rely upon caselaw interpreting the older HUD version of Regulation X.  *See, e.g., Eveillard v. Nationstar Mortg. LLC,* 2015 WL 1191170 (S.D. Fla. Mar. 16, 2015) (relying upon *Roth v. CitiMortgage Inc.*, 756 F.3d 178 (2d Cir. 2014), which held that where a servicer complies with the notice requirements of 24 C.F.R. § 3500.21 for designating a qualified written response address, a letter sent to a different address is not a qualified written response for purposes of triggering the servicer's response obligations); *Best,* 2016 WL 125875, at *2 (relying on *Berneike,* 708 F.3d at 1149, to establish that borrowers must send QWRs to the specific designated address in order to receive protection under RESPA).

Plaintiff next argues that the language posted on Chase's website is not in accordance with 12 C.F.R. § 1024.35(c) because it does not include a statement establishing that the borrower must use the address designated by Chase to receive QWRs.  Plaintiff relies upon the reasoning in *Blanton v. Roundpoint Mortg. Servicing Corp.*, 2016 WL 3653577, at *7 (N.D. Ill. July 7, 2016) to support his argument.  There, the court found that the defendant's statement did not "meet the statutory requirements of notifying the borrower that notices of error 'must' be sent to the designated address."  *Id.*  The defendant, Roundpoint, provided notice through a mortgage statement which "merely state[d] in the 'General Information' section that '[t]o provide [Roundpoint] with a Notice of Error about the servicing of your loan . . . please write to [Roundpoint] at' the designated address."  *Id.*  Thus, the statement's permissive language was more of an "invitation to use the designated address [rather] than a command," which the court found to be insufficient in notifying the borrower that notices of error "must" be sent to the designated address.  *Id.*

However, *Blanton* is inapposite because the notice here differs materially from the

4

notice in *Blanton*.  Additionally, I respectfully disagree with the interpretation of 12 C.F.R. § 1024.35(c) espoused in *Blanton*.  Chase's notice states as follows:

> You can send us a Notice of Error, Information Request, or Qualified Written Request as part of the [RESPA] to ask for information or to dispute errors about the servicing of your mortgage loans.  To do so, send us a separate letter that describes the issue and include any supporting documents.  Please mail it our *exclusive address* for the receipt and handling of these requests: Mail: Chase, P.O. Box 183166, Columbus, OH 43218-3166.

*See* ECF No. 7 (emphasis added).  By using the word "exclusive," Chase clearly indicated to borrowers that all QWRs must be sent to the address designated in its notice; there is only one address at which Chase will accept notices of error, information requests, or QWRs.  Chase's notice thus meets the statutory requirements of 12 C.F.R. 1024.35(c) because it clearly established a designated address for QWRs that "the borrower must use … to assert an error."  As one court noted, "'[i]f the servicer chooses to establish a separate and exclusive address, borrowers who fail to submit their QWRs to that location do so at their peril.'" *Roth v. PNC Bank, N.A.*, 2015 WL 5731892, at *3 (N.D. Ill. Sept. 30, 2015) (citing *Catalan v. RBC Mortg. Co.*, 2008 WL 2741159, at *5 (N.D. Ill. July 8, 2008)).  This makes even more sense when considering the purpose of RESPA and Regulation X.  RESPA was intended to reform the real estate settlement process to give consumers "greater and more timely information."  *Berneike*, 708 F.3d at 1149 (internal citation omitted).  One way to accomplish that goal is by allowing loan servicers to designate an exclusive address where such requests can be handled, which is exactly what Chase did here.

Thus, as Plaintiff admittedly failed to send his correspondence to the designated address, Chase's response obligations under RESPA were never "triggered". *Berneike,* 708 F.3d at 1149.  As such, Plaintiff has failed to state a claim under RESPA, and Defendant's Motion to Dismiss the Complaint is granted.

## IV. CONCLUSION

For the reasons explained in this Order, Defendant's Motion to Dismiss Complaint (ECF No. 7) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.  The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 29th day of July 2016.

_Marcia G. Cooke_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
_Edwin G. Torres, U.S. Magistrate Judge_
_Counsel of Record_

6